IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-25,725-04




EX PARTE DANNY MACK EASTERLY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 24,928 IN THE 13TH DISTRICT COURT
FROM NAVARRO COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of property
valued over $750.00 and sentenced to five years’ imprisonment.
            Applicant contends, inter alia, that TDCJ records erroneously reflect that this conviction was
for indecency with a child. The sentence has been discharged, but Applicant contends that this error
in his records adversely affects his parole reviews on other convictions and his ability to obtain
employment and rent an apartment, among other things.
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that it shall order the Texas
Department of Criminal Justice’s Office of General Counsel to provide an affidavit responding to
Applicant’s contentions. The affidavit should state whether Applicant’s administrative records
reflect that Applicant has a conviction for indecency with a child, and if so, whether such records
are correct. If Applicant’s records contained an error, the affidavit should state that the error has
been corrected.
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.
            The trial court shall make findings of fact as to whether Applicant’s administrative records
are correct. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: August 20, 2008
Do not publish